UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL REILLY, individually

    Plaintiff,

v.                                              Case No: 2:16-cv-774-FtM-99MRM

U.S. DEPARTMENT OF JUSTICE,

    Defendant.
_____/

### ORDER[1]

This matter comes before the Court on Plaintiff Michael Reilly's Objection to Document 4 filed on October 26, 2016. (Doc. #5). Plaintiff, filing *pro se*, initiated this action on October 19, 2016. (Doc. #1). Upon review, the magistrate judge ordered Plaintiff to file an amended complaint that complied with the pleading requirements set forth in Rules 8 and 10 of the Federal Rules of Civil Procedure. (Doc. #4). Plaintiff objects to doing so, contending his Complaint meets the pleading requirements. (Doc. #5). Plaintiff now requests the magistrate judge's prior Order be "trashed" and another magistrate assigned to the instant action. (Doc. #5).

"[A] judge may designate a magistrate judge to hear and determine any pretrial matter before the court," subject to exceptions not relevant to this case. 28 U.S.C. § 636(b)(1)(A). From there, Federal Rule of Civil Procedure 72 governs pretrial matters

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

referred to magistrate judges.  Under Rule 72(a), a district court reviewing a magistrate judge's decision on a non-dispositive issue "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).  Clear error is a highly deferential standard of review.  *See* Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1351-52 (11th Cir. 2005).  "A finding is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Id.*  Further, an order "is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure."  Malibu Media, LLC v. Doe, 923 F. Supp. 2d 1339, 1347 (M.D. Fla. 2013).  Under neither standard does the Court find grounds to modify or set aside Judge McCoy's Order.

Plaintiff mistakenly asserts his Complaint meets the standards set forth in Rules 8 and 10 of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 8 & 10. As stated in Judge McCoy's Order, the Complaint is deficient in failing to allege more than a conclusory allegation.  *See* (Doc. #4).  For this same reason, Judge McCoy afforded Plaintiff an opportunity to properly allege his claims in an amended complaint.[2] (Doc. #4 at 3).  In doing so, the Court finds no error.

Plaintiff further accuses Judge McCoy of bias and perjury.  The Court finds these claims baseless.  Plaintiff finds fault in Judge McCoy citing to a well-accepted principle of law, but citing to case law does not indicate bias. Judge McCoy merely cited to Reilly v. State of Florida, Case No. 2:15-cv-14-FtM-38MRM, (M.D. Fla. July 14, 2015) to indicate

---

[2] The Court will direct Plaintiff to the section entitled, "Proceeding without a Lawyer," located on its website http://www.flmd.uscourts.gov for additional helpful information instructing how to proceed *pro se*.

a prior instance in which the Court cautioned Plaintiff to conform to the relevant pleading standards.

As an addendum, the Court will remind Plaintiff that the Department of Justice has not been served in this case, but this is not of Judge McCoy's own accord. Rather, the Motion to Proceed *in Forma Pauperis* will address the matter of service effected upon the Department of Justice. Consequently, the Court denies to vacate Judge McCoy's Order or reinstate another magistrate judge. The Court cautions Plaintiff to refrain from alleging baseless and frivolous accusations against a member of the judiciary.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff Michael Reilly's Objection to Document 4 (Doc. #5) is **OVERRULED.**

(2) Plaintiff shall file an amended complaint complying with the Honorable Mac R. McCoy's Order (Doc. #4) **on or before November 29, 2016**. If Plaintiff fails to file an amended complaint within this time, the Court will dismiss the instant action without further notice. See M.D. Fla. R. 3.10.

**DONE** and **ORDERED** in Fort Myers, Florida this 8th day of November, 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record